GIBSON, DUNN & CRUTCHER LLP
WAYNE W. SMITH
JOSEPH P. BUSCH, III
JARED M. TOFFER
KRISTOPHER P. DIULIO
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:  (949) 451-3800
Facsimile:  (949) 451-4220
kdiulio@gibsondunn.com

SNELL & WILMER L.L.P.
JOEL P. HOXIE (#005448)
JOSEPH G. ADAMS (#018210)
One Arizona Center
Phoenix, AZ  85004-2202
Telephone:  (602) 382-6353
Facsimile:  (602) 382-6070
jadams@swlaw.com

OSBORN MALEDON, P.A.
DAVID B. ROSENBAUM (#009819)
MAUREEN BEYERS (#017134)
2929 North Central Avenue, Suite 2100
Phoenix, AZ  85012-2793
Telephone:  (602) 640-9000
Facsimile:  (602) 640-9050
mbeyers@omlaw.com

Attorneys for Defendants
APOLLO GROUP, INC.; TODD S. NELSON
and KENDA B. GONZALES

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re Apollo Group Inc. Securities Litigation <br> _____ <br><br> This Document Relates To:  All Actions | Master File No.  CV-04-2147-PHX-JAT <br><br> **CLASS ACTION** <br><br> **DEFENDANTS' TRIAL BRIEF REGARDING TESTIMONY OF BLAIN B. BUTNER** |

## I.   INTRODUCTION

Blain B. Butner is a qualified expert witness whose testimony will confirm the reasonableness of (1) the advice upon which Defendants relied regarding the program review process during the class period, and (2) Defendants' belief that this program review process would not end in a material outcome.  As such, his testimony is not comparable to that of percipient witnesses Jane Davenport and Kelly Flynn, neither of whom are qualified experts and do not posses any particular insights into the DOE program review process – a process that is at the very heart of this trial.  Plaintiff's attempt to exclude Mr. Butner's testimony is improper because Plaintiff has offered substantial evidence attempting to attack the reasonableness of Defendants' class period belief, yet Plaintiff now seeks to prevent Defendants from explaining to the jury the program review process and from offering evidence that confirms the reasonableness of their belief during the class period that the program review would be resolved without any material impact on the company.

## II.   ARGUMENT

Plaintiff first argues that Mr. Butner's testimony is irrelevant because at issue is Defendants' belief regarding the validity of the report, not the substantive validity of the report.[1]  But Defendants are entitled to offer evidence confirming the reasonableness of their beliefs, just as Plaintiff has attempted to attack the reasonableness of those beliefs.  As set forth in the pre-trial order, Mr. Butner will testify about the "policies and procedures followed by the DOE, the interpretation of the Title IV statutes and regulations relating to incentive payments for enrollment personnel, the DOE's past practices and policies with respect to Title IV program reviews and audits and the nature of the allegations contained in the Wittman Report."  Oct. 29, 2007 Joint Pre-Trial Order at 36.  This testimony will (1) educate the jury about the program review process, and (2) counter Plaintiff's evidence that attacks the reasonableness of Defendants' class period belief.  Although Mr. Butner was

---

[1] Notably, Plaintiff does not attempt to exclude Mr. Butner's testimony pursuant to FRE 702 or *Daubert* and it progeny.

1  disclosed as an expert witness, listed on the pre-trial order, and has appeared on every version
2  of Defendant's proposed trial schedule, Plaintiff's first objection to his testimony was lodged
3  less than 23 hours before he is to take the stand and after he left Washington D.C., where he
4  works, to attend trial.

5  During its case, Plaintiff offered substantial evidence in an attempt to attack the
6  reasonableness of Defendants' belief that the program review process would end favorably –
7  including offering the program review report into evidence for the truth of its contents.  Trial
8  Transcript ("Tr.") at 347:20-348:1.  Testimony elicited by Plaintiff in its case attacking the
9  reasonableness of Defendants' belief included testimony from former EC's regarding how
10 they were compensated, the Sperling Club, the Red Room, and other anecdotal testimony that
11 was unknown to the Defendants during the class period. *See* Tr. at 447:11-23 ("Q.  And were
12 there numbers on the matrix indicating how many enrollments you would have to achieve in
13 order to achieve a certain salary increase?  A.  Yes . . . Q. And was that the sole basis by
14 which you were entitled to your increase in salary?  A.  Yes."), 508 18-20 ("Q.  And what did
15 you do that caused you to be qualified for Sperling [Club]?  A.  I enrolled 50 students."),
16 827:9-828:5, 836:15-836:23, 857:2-4, 1615:14-1616:1.  Because Plaintiff has submitted
17 testimony attacking the reasonableness of Defendants' belief, Defendants are entitled to have
18 Mr. Butner testify regarding the program review process and to put into context the testimony
19 of witnesses offered by Plaintiff in its case.

20 Plaintiff in its Trial Brief mischaracterizes Mr. Butner's opinion as addressing
21 materiality, when in fact Mr. Butner does not opine as to that issue – one that is properly the
22 province of the jury.  Instead, Mr. Butner will educate the jury as to the steps in the DOE
23 program review process and provide the jury with the information it needs to properly
24 evaluate Defendants' testimony about the process and the likelihood of a favorable outcome.
25 Furthermore, Plaintiff's argument is directly contradicted by the position it took with its
26 expert Dr. Steven Feinstein, who testified that Apollo faced terrible risks on account of the
27 program review report.  Tr. at 1967:21-1971:19.  Specifically, Dr. Feinstein testified that the
28 report posed significant risks of "a very big fine," "diminished incentives," loss of Title IV

1  funds, management distractions and other serious risks. *Id.* But Dr. Feinstein has no
2  knowledge of DOE practices and procedures and his opinion is not supported by the DOE
3  program review process. Tr. at 2061:7-20. In contrast to Dr. Feinstein, Mr. Butner is an
4  expert in DOE practices and procedures and his testimony will correct the testimony offered
5  by Dr. Feinstein as to the risks Apollo faced upon receipt of the initial stage of the process –
6  the program review report. Defendants are entitled to submit to the jury the testimony of an
7  expert whose opinion directly contradicts that of an expert offered by Plaintiff. Here,
8  Plaintiff's citation to Defendants' MIL No. 13 is misplaced, because Mr. Butner is simply
9  addressing the "risks," not materiality, that were testified to by Dr. Feinstein.

10  In addition, Plaintiff objected during the testimony of Robert Collins, insisting that he
11  was not an expert in DOE policies and procedures. Tr. at 2545:2-25. Because Mr. Collins is
12  not an expert witness, his trial testimony was limited to his percipient knowledge of the
13  regulations and the program review. Mr. Butner, however, is an expert witness who can
14  educate the jury as the Title IV regulations at play in the program review and the DOE
15  practices and procedures that framed Defendants' class period belief and actions.

16  Finally, Plaintiff argues that Mr. Butner's testimony regarding the program review
17  process could confuse the jury, even though the DOE program review is the genesis for this
18  securities class action and comprises the crucial underlying facts. Educating the jury about
19  the program review process, how the report fits into that process, and the policies followed by
20  the DOE puts into context Defendants' state of mind and the advice that they were receiving
21  at the time. Rather than confuse the jury, information regarding the program review process
22  will assist the jury in understanding the underlying facts. Rather than attempting to protect
23  the jury from confusion, the exclusion of Mr. Butner would hide from the jury relevant
24  background information and facts necessary to properly evaluate the trial evidence.

25  Unlike Ms. Flynn, Mr. Butner is an expert whose testimony will educate the jury and
26  specifically contradict testimony offered by Plaintiff in its case. For these reasons, Plaintiff's
27  motion should be denied.

28

| | | |
|---|---|---|
| Dated: December 17, 2007 | | Respectfully submitted, |
| | | By: _____/s/ Kristopher P. Diulio_____ |
| | | Kristopher P. Diulio, appearing *pro hac vice* |
| OSBORN MALEDON, P.A. | | GIBSON, DUNN & CRUTCHER LLP |
| 2929 North Central Avenue, Suite 2100 | | 3161 Michelson Drive |
| Phoenix, AZ 85012-3311 | | Irvine, CA 92612-4412 |
| Telephone: (602) 640-9000 | | Telephone: (949) 451-3800 |
| | | SNELL & WILMER L.L.P. |
| | | One Arizona Center |
| | | Phoenix, AZ 85004-2102 |
| | | Telephone: (602)382-6070 |
| | | *Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2007, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| **Ramzi Abadou** | ramzia@lerachlaw.com |
| **Joseph G Adams** | jadams@swlaw.com |
| **Francis Joseph Balint, Jr.** | fbalint@bffb.com |
| **William J. Ban** | wban@barrack.com |
| **Jeffrey A. Barrack** | jbarrack@barrack.com |
| **Stephen R. Basser** | sbasser@barrack.com |
| **Maureen Beyers** | mbeyers@omlaw.com |
| **James R. Condo** | jcondo@swlaw.com |
| **Joel Philip Hoxie** | jhoxie@swlaw.com |
| **William S. Lerach** | general_efile@lerachlaw.com |
| **William J. Maledon** | wmaledon@omlaw.com |
| **Robert D. Mitchell** | robertmitchell@mitchelllaw.com |
| **Mark R. Rosen** | mrosen@barrack.com |
| **David B. Rosenbaum** | drosenbaum@omlaw.com |
| **Stephen G. Schulman** | sschulman@milbergweiss.com |
| **Rosemary J. Shockman** | RShock@aol.com |
| **Geoffrey M. Trachtenberg** | gmt@lclegal.com |
| **Marc M. Umeda** | mumeda@ruflaw.com |
| **Samuel M. Ward** | sward@barrack.com |

Gibson, Dunn & Crutcher LLP

I further certify that copies of the foregoing were sent on December 17, 2007, via U.S. Mail to the following parties:

**Leonard Barrack**
Barrack Rodos & Bacine
2 Commerce Sq
2001 Market St., Ste 3300
Philadelphia, PA 19103

**Patrick Joseph Coughlin**
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine St
Ste 2600
San Francisco, CA 94111

/s/  Dena F. Kennedy