FILED ☒   LODGED ☐
RECEIVED ☐   COPY ☐

JAN 1 6 2008

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Apollo Group Inc. Securities Litigation, | Master File No. CV 04-2147-PHX-JAT (LEAD) |
| | CV 04-2204-PHX-JAT (Consolidated) |
| | CV 04-2334-PHX-JAT (Consolidated) |
| | **CLASS ACTION** |
| This Document Relates To: All Actions | **VERDICT FORM** |

We, the jury, duly empaneled and sworn in the above-entitled case, upon our oaths, do hereby find as follows:

**SECTION 10(b) CLAIM AGAINST APOLLO**

1. Did Apollo make an untrue statement of a material fact or omit a material fact necessary under the circumstances to keep the statements that were made from being misleading?

    A)     The Press Release of Apollo Group, Inc., dated February 27, 2004:

           Yes: _X_      No: ____

    B)     The Analyst Conference on March 12, 2004:

           Yes: _X_      No: ____

    C)     The Form 10-Q dated April 13, 2004:

           Yes: _X_      No: ____

    D)     The Analyst Conference Call on June 24, 2004:

           Yes: _X_      No: ____

    E)     The Analyst Conference Call on August 25, 2004:

           Yes: _X_      No: ____

    F)     The Analyst Conference Call on September 7, 2004:

           Yes: _X_      No: ____

If you answered all parts of Question 1 "no," leave Questions 2, 3, and 4 blank and proceed to Question 5. If you answered Question 1 "yes" as to any statement, answer Question 2 as to that statement. Do not answer Question 2 for any statement for which you answered Question 1 "no."

-1-

2. For any statement as to which a "yes" answer was given in Question 1, did Apollo act knowingly or recklessly with respect to that misrepresentation or omission?

    A)    The Press Release of Apollo Group, Inc., dated February 27, 2004:
           Yes: _X_       No: ____

    B)    The Analyst Conference on March 12, 2004:
           Yes: _X_       No: ____

    C)    The Form 10-Q dated April 13, 2004:
           Yes: _X_       No: ____

    D)    The Analyst Conference Call on June 24, 2004:
           Yes: _X_       No: ____

    E)    The Analyst Conference Call on August 25, 2004:
           Yes: _X_       No: ____

    F)    The Analyst Conference Call on September 7, 2004:
           Yes: _X_       No: ____

If you answered Question 2 "no" as to all statements left over from Question 1, leave Questions 3 and 4 blank and proceed to Question 5. If you answered Question 2 "yes" as to any statement, answer Question 3 as to that statement. Do not answer Question 3 for any statement for which you answered Question 2 "no."

3. For any statement as to which a "yes" answer was given in Question 2, more specifically, did Apollo act knowingly with respect to that misrepresentation or omission?

A) The Press Release of Apollo Group, Inc., dated February 27, 2004:
Yes: X    No: ____

B) The Analyst Conference on March 12, 2004:
Yes: X    No: ____

C) The Form 10-Q dated April 13, 2004:
Yes: X    No: ____

D) The Analyst Conference Call on June 24, 2004:
Yes: X    No: ____

E) The Analyst Conference Call on August 25, 2004:
Yes: X    No: ____

F) The Analyst Conference Call on September 7, 2004:
Yes: X    No: ____

Proceed to Question 4.

4. For any statement as to which a "yes" answer was given in Question 2, did that misrepresentation or omission cause the plaintiff to suffer damages? (By answering this question in the affirmative, you are finding that Apollo violated the securities laws.)

    A)    The Press Release of Apollo Group, Inc., dated February 27, 2004:
           Yes: _X_        No: ___

    B)    The Analyst Conference on March 12, 2004:
           Yes: _X_        No: ___

    C)    The Form 10-Q dated April 13, 2004:
           Yes: _X_        No: ___

    D)    The Analyst Conference Call on June 24, 2004:
           Yes: _X_        No: ___

    E)    The Analyst Conference Call on August 25, 2004:
           Yes: _X_        No: ___

    F)    The Analyst Conference Call on September 7, 2004:
           Yes: _X_        No: ___

Proceed to Question 5.

1  SECTION 10(b) CLAIM AGAINST TODD NELSON

2      5. Did Todd Nelson make an untrue statement of a material fact or omit a material
3  fact necessary under the circumstances to keep the statements that were made from being
4  misleading?

5      A)    The Press Release of Apollo Group, Inc., dated February 27, 2004:
6          Yes: X        No: ____

7      B)    The Analyst Conference on March 12, 2004:
8          Yes: X        No: ____

9      C)    The Form 10-Q dated April 13, 2004:
10         Yes: X        No: ____

11     D)    The Analyst Conference Call on June 24, 2004:
12         Yes: X        No: ____

13     E)    The Analyst Conference Call on August 25, 2004:
14         Yes: X        No: ____

15     F)    The Analyst Conference Call on September 7, 2004
16         Yes: X        No: ____

17

18     If you answered all parts of Question 5 "no," leave Questions 6, 7, and 8 blank and
19 proceed to Question 9. If you answered Question 5 "yes" as to any statement, answer
20 Question 6 as to that statement. Do not answer Question 6 for any statement for which you
21 answered Question 5 "no."

22
23
24
25
26
27
28

6. For any statement as to which a "yes" answer was given in Question 5, did Todd Nelson act knowingly or recklessly with respect to that misrepresentation or omission?

    A)    The Press Release of Apollo Group, Inc., dated February 27, 2004:
           Yes: X        No: ___

    B)    The Analyst Conference on March 12, 2004:
           Yes: X        No: ___

    C)    The Form 10-Q dated April 13, 2004:
           Yes: X        No: ___

    D)    The Analyst Conference Call on June 24, 2004:
           Yes: X        No: ___

    E)    The Analyst Conference Call on August 25, 2004:
           Yes: X        No: ___

    F)    The Analyst Conference Call on September 7, 2004:
           Yes: X        No: ___

If you answered Question 6 "no" as to all statements left over from Question 5, leave Question 7 and 8 blank and proceed to Question 9. If you answered Question 6 "yes" as to any statement, answer Question 7 as to that statement. Do not answer Question 7 for any statement for which you answered Question 6 "no."

7. For any statement as to which a "yes" answer was given in Question 6, more specifically, did Todd Nelson act knowingly with respect to that misrepresentation or omission?

    A)    The Press Release of Apollo Group, Inc., dated February 27, 2004:

          Yes: _X_        No: ____

    B)    The Analyst Conference on March 12, 2004:

          Yes: _X_        No: ____

    C)    The Form 10-Q dated April 13, 2004:

          Yes: _X_        No: ____

    D)    The Analyst Conference Call on June 24, 2004:

          Yes: _X_        No: ____

    E)    The Analyst Conference Call on August 25, 2004:

          Yes: _X_        No: ____

    F)    The Analyst Conference Call on September 7, 2004:

          Yes: _X_        No: ____

Proceed to Question 8.

8. For any statement as to which a "yes" answer was given in Question 6, did that misrepresentation or omission cause the plaintiff to suffer damages? (By answering this question in the affirmative, you are finding that Todd Nelson violated the securities laws.)

A) The Press Release of Apollo Group, Inc., dated February 27, 2004:
   Yes: X   No: ___

B) The Analyst Conference on March 12, 2004:
   Yes: X   No: ___

C) The Form 10-Q dated April 13, 2004:
   Yes: X   No: ___

D) The Analyst Conference Call on June 24, 2004:
   Yes: X   No: ___

E) The Analyst Conference Call on August 25, 2004:
   Yes: X   No: ___

F) The Analyst Conference Call on September 7, 2004:
   Yes: X   No: ___

Proceed to Question 9.

**SECTION 10(b) CLAIM AGAINST KENDA GONZALES**

9. Did Kenda Gonzales make an untrue statement of a material fact or omit a material fact necessary under the circumstances to keep the statements that were made from being misleading?

    A)    The Press Release of Apollo Group, Inc., dated February 27, 2004:

           Yes: _X_       No: ____

    B)    The Form 10-Q dated April 13, 2004:

           Yes: _X_       No: ____

If you answered all parts of Question 9 "no," leave Questions 10, 11, and 12 blank and proceed to Question 13. If you answered Question 9 "yes" as to any statement, answer Question 10 as to that statement. Do not answer Question 10 for any statement for which you answered Question 9 "no."

10. For any statement as to which a "yes" answer was given in Question 9, did Kenda Gonzales act knowingly or recklessly with respect to that misrepresentation or omission?

   A)   The Press Release of Apollo Group, Inc., dated February 27, 2004:

       Yes: _X_     No: ____

   B)   The Form 10-Q dated April 13, 2004:

       Yes: _X_     No: ____

If you answered Question 10 "no" as to all statements left over from Question 9, leave Questions 11 and 12 blank and proceed to Question 13. If you answered Question 10 "yes" as to any statement, answer Question 11 as to that statement. Do not answer Question 11 for any statement for which you answered Question 10 "no."

11. For any statement as to which a "yes" answer was given in Question 10, more specifically, did Kenda Gonzales act knowingly with respect to that misrepresentation or omission?

A) The Press Release of Apollo Group, Inc., dated February 27, 2004:

Yes: X   No: ____

B) The Form 10-Q dated April 13, 2004:

Yes: X   No: ____

Proceed to Question 12.

12. For any statement as to which a "yes" answer was given in Question 10, did that misrepresentation or omission cause the plaintiff to suffer damages? (By answering this question in the affirmative, you are finding that Kenda Gonzales violated the securities laws.)

A) The Press Release of Apollo Group, Inc., dated February 27, 2004:

Yes: X    No: ____

B) The Form 10-Q dated April 13, 2004:

Yes: X    No: ____

Proceed to Question 13.

SECTION 20(a) CLAIM AGAINST TODD NELSON

Answer Question 13 only if you answered Question 4 "yes." If you answered "no" to Question 4 or left it blank, leave Questions 13 and 14 blank and proceed to Question 15.

13. Did Todd Nelson possess, directly or indirectly, the actual power to direct or cause the direction of the management and policies of Apollo?

Yes: X    No: ___

Proceed to Question 14.

14. Did the defendants prove by a preponderance of the evidence both that Todd Nelson did not directly or indirectly induce Apollo's violation of the securities laws and that he acted in good faith as that term is defined in the jury instructions?

Yes: ____        No: _X_

Proceed to Question 15.

**Answer Question 15 only if you answered Question 12 "yes." If you answered "no" to Question 12 or left it blank, leave Questions 15 and 16 blank and proceed to Question 17.**

15. Did Todd Nelson possess, directly or indirectly, the actual power to direct Kenda Gonzales?

Yes: <u>X</u>   No: ____

Proceed to Question 16.

-15-

16. Did the defendants prove by a preponderance of the evidence both that Todd Nelson did not directly or indirectly induce Kenda Gonzales's violation of the securities laws and that he acted in good faith as that term is defined in the jury instructions?

Yes: ____    No: _X_

Proceed to Question 17.

      **Answer Question 17 only if you answered "yes" to Questions 4, 8, or 12. If you answered "no" to each of these questions or left them blank, sign and return the verdict form without answering any further questions.**

17. Specify the total amount of damages per share that the plaintiff suffered as a result of the misrepresentation(s) or omission(s):

    $ __5.55__ per share

Proceed to Question 18.

18. What is the percentage of responsibility for the plaintiff's loss that you assign to each defendant whom you found in answers to Questions 4, 8, and/or 12 to have violated the securities laws? The total must add up to 100%. In determining the percentage of responsibility for each such defendant, you must consider: (1) the nature of the conduct of each defendant found to have caused or contributed to the loss incurred by the plaintiff; and (2) the nature and extent of the causal relationship between the conduct of each defendant and the damages incurred by the plaintiff.

|                | Percentage |
|----------------|------------|
| Apollo         | 60         |
| Todd Nelson    | 30         |
| Kenda Gonzales | 10         |
|                | = 100% Total |

Sign and return this form.

__9__  
(Presiding Juror Number)

__1/16/08__  
(Date)