**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Apollo Group Inc. Securities Litigation, | Master File No. CV 04-2147-PHX-JAT (LEAD) |
| | CV 04-2204-PHX-JAT (Consolidated) |
| | CV 04-2334-PHX-JAT (Consolidated) |
| This Document Relates To: All Actions | CLASS ACTION |
| | **ORDER** |

Pending before the Court is Defendants' Motion for Stay of Execution Pending Disposition of All Post-Trial Motions. This motion raises two issues: (1) whether a bond is necessary to adequately secure the judgment during the pendency of all post-trial motions; and (2) if so, what amount will adequately secure the judgment.

**I.     Background**

On January 30, 2008, this Court entered judgment jointly and severally against Defendants in an amount up to $5.55 per share for all qualifying shares. Because of the per-share nature of the damages, the total amount of this judgment will not be known until the claims process is completed. Defendants estimate that their total potential liability under the judgment, including prejudgment interest, is $190.2 million. Although Lead Plaintiff "strongly disputes" this estimate, the only alternative they offer is to hold Defendants to their damages estimate at trial. That estimate amounted to $300 million. The Court, however, is unaware of any legal authority that would require Defendants to secure a judgment that does not exist. Thus, for the purposes of this Order, the Court estimates the value of the judgment,

plus prejudgment interest, at $190.2 million.

## II.     Legal Standard and Discussion

Rule 62(b) of the Federal Rules of Civil Procedure allows a federal court to "stay the execution of a judgment" pending disposition of certain post-trial motions. Such a stay can only be granted "[o]n appropriate terms for the opposing party's security." *Id.* An unsecured stay is disfavored under Rule 62(b). *See, e.g.*, *Int'l Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 214 (D.S.C. 1984) ("Rule 62, taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for filing a motion for a new trial.") (citing cases). Nevertheless, while security should be provided "in normal circumstances," a district court in its discretion may grant an unsecured stay in "unusual circumstances," where the granting of such a stay will not "unduly endanger the judgment creditor's interest in ultimate recovery." *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760-61 (D.C. Cir. 1980) (addressing stay pending appeal pursuant to Rule 62(d)); *see also In re Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977) (recognizing district court's discretion to grant unsecured stay under Rule 62(d)).[1]

Defendants argue that Apollo Group, Inc.'s present ability to satisfy the judgment and its financial stability over the past five years demonstrate that Lead Plaintiff's interest in the judgment is adequately protected without security. To support their position, Defendants cite *Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n*. There, the D.C.

---

[1] Some courts have held that an unsecured stay should only be granted when the judgment debtor demonstrates that providing security is "impossible or impractical." *E.g.*, *Int'l Wood Processors*, 102 F.R.D. at 214; *Gallatin Fuels v. Westchester Fire Ins. Co.*, No. 02-CV-2116, 2006 WL 952203, at *2 (W.D. Pa. 2006); *Frankel v. ICD Holdings S.A.*, 168 F.R.D. 19, 22 (S.D.N.Y. 1996). The Court, however, does not find these authorities persuasive. Such a standard would be more restrictive than the standard applied to unsecured stays pending appeal under Rule 62(d). *Cf. Fed. Prescription*, 636 F.2d at 759 (focusing on the judgment debtor's financial condition as a factor that can weigh in favor of granting an unsecured stay). If anything, due to the greater risk inherent in the longer stay under Rule 62(d), the standard governing the court's discretion in the Rule 62(b) context should be less restrictive.

- 2 -

1 Circuit upheld a district court's decision to grant an unsecured stay pending appeal under
2 Rule 62(d), in part because the judgment debtor's net worth was about forty-seven times the
3 amount of the damages award.  636 F.2d at 761.  By contrast, Apollo's total assets ($1.2
4 billion) are only about six times the estimated damages award in this case ($190.2 million).
5 The Court therefore is unconvinced that Lead Plaintiff's interest is adequately protected
6 without security.

7 The remaining issue the Court must decide is the amount of security necessary to
8 protect Lead Plaintiff's interest.  The purpose of security under Rule 62(b) is to preserve the
9 status quo pending disposition of post-trial motions.  *Int'l Wood Processors*, 102 F.R.D. at
10 215.  Accordingly, courts typically require security in the full amount of the judgment.  *Id.*
11 at 215-16 (setting bond at full amount of judgment plus three months' interest); *Gallatin*
12 *Fuels*, 2006 WL 952203 at *2 (setting bond at full amount of judgment); *Frankel*, 168 F.R.D.
13 at 22 (setting bond at 110% of amount of judgment).  On the basis of this general rule, Lead
14 Plaintiff argues that security in the amount of nothing less than Defendants' estimated
15 potential liability ($190.2 million) would adequately protect its interest in the judgment.

16 Unlike the cases cited above, however, the damages awarded in this case are on a per-
17 share basis rather than a lump-sum basis.  Thus, the amount of the judgment is uncertain.  In
18 light of this uncertainty, Defendants argue that the amount of the security should be based
19 on their estimated *actual* liability, measured by the estimated percentage of potential
20 claimants who will actually file a claim during the claims process.  Defendants contend that
21 it is unrealistic to expect one hundred percent of the potential claimants to file a claim.  In
22 support of their argument, Defendants cite a 2002 study that suggests that only twenty-three
23 to thirty-three percent of potential institutional claimants in securities-fraud class actions
24 actually file a claim.  *See* James D. Cox & Randall S. Thomas, *Leaving Money on the Table:*
25 *Do Institutional Investors Fail to File Claims in Securities Class Actions?*, 80 Wash. U. L.Q.
26 855, 877 (2002).  On the basis of this study, Defendants urge the Court to require security
27 in the amount of either twenty-five or fifty percent of their estimated potential liability, which
28

would amount to $47.5 million or $95 million.[2]

The Court finds Defendants' argument persuasive and concludes that security in the amount of $95 million adequately protects Lead Plaintiff's interest.  First, the Court agrees that it is unrealistic to expect one hundred percent of the potential claimants in this case to actually file a claim.  Second, although there is inherent uncertainty in using historical trends as predictors of the future, such studies are commonly relied on in today's society as indicators of future behavior.  Third, the Court is confident that Defendant Apollo's financial position adequately protects Lead Plaintiff's interest to the extent that security in the amount of fifty percent of Defendants' estimated potential liability only partially secures the judgment.

**III.    Conclusion**

Accordingly,

**IT IS THEREFORE ORDERED** that Defendants' Motion for Stay of Execution Pending Post-Trial Motions (Doc. # 513) is granted.  Defendants are granted an unsecured stay that will expire at 5:00 p.m. on Tuesday, February 19, 2008, unless before that time Defendants post a bond in the amount of $95 million with the Clerk of the Court.

DATED this 13th day of February, 2008.

James A. Teilborg
United States District Judge

---

[2] Defendants offer the alternative of fifty percent to account for any errors in the study.