BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
William G. Fairbourn (003399)
Andrew S. Friedman (005425)
Francis J. Balint, Jr. (007669)
Kathryn Jann (020849)
2901 North Central Avenue, Suite 1000
Phoenix, AZ  85012
E-mail afriedman@bffb.com
Telephone:  (602) 274-1100
Facsimile:   (602) 274-1199

*Local Counsel for Lead Plaintiff*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re APOLLO GROUP, INC. SECURITIES LITIGATION<br><br>_____<br><br>This Document relates to:<br><br>ALL ACTIONS. | Lead Case No. CV 04-2147-PHX-JAT<br><u>CLASS ACTION</u><br><br>**LEAD PLAINTIFF'S OBJECTION TO DEFENDANTS' BILL OF COSTS**<br><br>CTRM:   503, 5th Floor<br>JUDGE:  Hon. James A. Teilborg |

Lead Plaintiff respectfully objects to Defendants' Bill of Costs to the extent Defendants seek taxation of over $118,000 in bond premiums that are not taxable costs under the governing law.  These bond premiums were incurrred in connection with a bond required by the Court as a condition to the issuance of a stay pending disposition of post-trial motions under Federal Rule of Civil Procedure 62(b), not with a supersedeas bond posted on appeal.  As shown below, it is not only improper but inequitable to tax the cost of the Rule 62(b) bond against Lead Plaintiff because:

1

      (a) there is no authority for such award under 28 U.S.C. § 1920 ("Section 1920");

      (b) there is no authority for such an award under Supreme Court case law interpreting Section 1920; and

      (c) there is no authority for such an award under the Local Rules governing taxable costs.

## PROCEDURAL HISTORY

Following a nearly two month jury trial, the Court on January 30, 2008, entered judgment for Lead Plaintiff in the amount of $5.50 per share. Doc. # 508. On February 1, 2008, Defendants moved pursuant to Federal Rule of Civil Procedure 62(b) for an order staying Lead Plaintiff from executing on the judgment until after the Court resolved their post-trial motions (hereafter "Motion to Stay"). Doc. # 513, at 4. In their Motion for Stay, Defendants argued that their requested stay should not be conditioned on their posting a bond to secure the judgment. *Id*. at 2-5. The Court disagreed and ordered Defendants to post a Rule 62(b) bond in the amount of $95 million. Doc. # 522. Defendants filed the bond and notice on February 19, 2008. Doc. # 528, 528-2.

On August 4, 2008, the Court granted Defendants' post-trial Motion for Judgment as a Matter of Law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, Doc. # 524, and ordered the Clerk to vacate the January 30, 2008 judgment and award of costs for Lead Plaintiff and enter judgment in favor of Defendants. Doc. # 561. Judgment was entered for Defendants on August 4, 2008. Doc. # 562. On August 11, 2008, the parties stipulated to discharge and release the bond, Doc. # 565, which the Court granted the next day. Doc. # 566. Defendants were refunded $119,399 of their bond premiums and have now filed a bill of costs and supporting memorandum seeking recoupment from Lead Plaintiff of the remaining $118,101 in bond premiums not refunded. Doc. # 570, 570-2 at 99-109.

## ARGUMENT

Rule 62(b) bond premiums are not included within Section 1920's list of taxable costs. When opposing Lead Plaintiff's Bill of Costs, Defendants argued that "[u]nder Rule 54(d), trial courts do not have discretion to tax whatever costs seem appropriate; rather, courts may tax only costs defined in 28 U.S.C. § 1920." Doc. # 533, at 1 (*quoting Terry v. Allstate Ins. Co.*, No. CIV-S-05-2261, 2007 U.S. Dist. LEXIS 81051, at *3 (E.D. Cal. Oct. 31, 2007) (*citing Alflex Corp. v. Underwriters Lab., Inc.*, 914 F.2d 175, 176 (9th Cir. 1990)). The Court accordingly strictly construed taxable costs awardable to Lead Plaintiff, consistent with the Supreme Court decision in *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987).

Defendants now reverse their position and argue that even if not listed in Section 1920 the Court may award any cost "necessarily obtained for use in the case." Doc. # 570-2, at 101. While this may have been true prior to 1987, it is not true today. In 1987, the Supreme Court in *Crawford Fitting* explained that taxable costs are limited to those items specifically enumerated in Section 1920:

> Petitioners argue that since § 1920 lists which expenses a court "may" tax as costs, that section only authorizes taxation of certain items. In their view, § 1920 does not preclude taxation of costs above and beyond the items listed . . . . Thus, the discretion granted by Rule 54(d) is a separate source of power to tax as costs expenses not enumerated in § 1920. We think, however, that no reasonable reading of these provisions together can lead to this conclusion, for petitioners' view renders § 1920 superfluous. If Rule 54(d) grants courts discretion to tax whatever costs may seem appropriate, then § 1920, which enumerates the costs that may be taxed, serves no role whatsoever. We think the better view is that § 1920 defines the term "costs" as used in Rule 54(d). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party.

482 U.S. at 441-42. Indeed, the Supreme Court explained that the only way to avoid the limitations of Section 1920 is if the particular expense is permitted by "contract or

explicit statutory authority." *Id.* at 444-45; *accord Agredano v. Mutual of Omaha Co.*, 75 F.3d 541, 542-44 (9th Cir. 1996). *See also Maxwell v. Hapag-Lloyd Aktiengesellschaft, Hamburg*, 862 F.2d 767, 770 (9th Cir. 1988) ("We recognize that *Crawford* strictly limits reimbursable costs to those enumerated in § 1920."). Defendants do not cite to any contract or explicit statutory authority providing that Rule 62(b) bond premiums are taxable expenses.

Defendants instead cite to numerous cases in an attempt to support their unsupportable argument that the language of Section 1920 and the holding of *Crawford Fitting* may simply be disregarded when it comes to a Rule 62(b) bond. First, most of Defendants' cases were issued between 1902 and 1968 – well before *Crawford Fitting* interpreted Section 1920 in 1987 – and therefore to the extent they contradict *Crawford Fitting* they have been overruled.[1]

More particularly, Defendants fail to cite a single case holding that Rule 62(b) bond premiums are taxable costs under Section 1920. There is no such precedent. Defendants instead turn to cases upholding as costs the premiums for supersedeas bonds, not Rule 62(b) bonds as we have here.[2] Doc. # 570-2 at 102. Defendants argue, without any supporting authority, that "[t]here can be no reasoned distinction supporting the notion that such costs should be recoverable during the appeal period, but not recoverable during the pendency of post-trial motions." Doc. # 570-2 at 102. There is, however, a reasoned distinction. Federal Rule of Appellate Procedure 39(e)(3) specifically provides

---

[1] *Newton v. Consol. Gas*, 265 U.S. 78 (1924); *Berner v. British Commonwealth Pac. Airlines, Ltd.*, 362 F.2d 799 (2d Cir. 1966); *Jacobsen v. Lewis Klondike Expedition Co.*, 112 F. 73 (9th Cir. 1901); *The Europe*, 190 F. 475 (9th Cir. 1911); *Lunn v. F.W. Woolworth Co.*, 210 F.2d 159 (9th Cir. 1954); *Kemart Corp. v. Printing Arts Research Laboratories, Inc.*, 232 F.2d 897 (9th Cir. 1956); *Sunkist Growers, Inc. v. Winckler & Smith Citrus Products*, 316 F.2d 275 (9th Cir. 1962); *Rosenfield v. Kay Jewelry Stores, Inc.*, 400 F.2d 89 (10th Cir. 1968); *Edison v. Am. Mutoscope Co.*, 117 F. 192 (C.C.D.N.Y. 1902).

[2] *Berner*, 362 F.2d at 801; *Lunn*, 210 F.2d at 159-60; *Kemart*, 232 F.2d at 899-900; *Sunkist Growers*, 316 F.2d at 276; *Rosenfield*, 400 F.2d at 90; *Edison*, 117 F. at 192; *The Europe*, 190 F. at 481-82.

4

authority for the district court to include as taxable costs "premiums paid for a supersedeas bond or other bond to preserve rights pending appeal."

Furthermore, the Ninth Circuit's 1956 *Kemart* and 1962 *Sunkist Growers* decisions originated out of the Southern District of California, where Local Rule 15(b) specifically permitted the district court to tax supersedeas bond premiums as costs. *Kenmart*, 232 F.2d at 899; *Sunkist Growers*, 316 F.2d at 276. Again, to the extent either case suggests that a district court may tax costs other those specifically listed in Section 1920 or by statute or local rule, it has been overruled by *Crawford Fitting*. There is no such rule or statute in the District of Arizona for the taxation of Rule 62(b) bond premiums as costs. In fact, Defendants acknowledge as much. Doc. # 570-2 at 101 n.3. Instead, the District of Arizona's Local Rules specify that a party may only recover costs other than those identified in Section 1920 or Local Rule 54.1(e) if that party sought "prior Court approval." District of Arizona Local Rule 54.1(e)(10). Defendants did not seek prior Court approval pertaining to the cost of obtaining their Rule 62(b) bond.

Defendants' contention that Rule 62(b) bond premiums are "implicitly authorized for reimbursement" under Section 1920 is unavailing. Doc. # 570-2 at 101. Especially after *Crawford Fitting*, a court may only "interpret the meaning and scope" of the items specifically listed in Section 1920. *Terry v. Allstate Ins. Co.*, No. Civ S-05-2261, 2007 WL 3231716, at *1 (E.D. Cal. Nov. 1, 2007); *accord Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991). Section 1920 is limited to clerk and marshal fees, court reporter fees, printing and witness fees, docket fees under 28 U.S.C.§ 1923, and compensation for court appointed experts, interpreters, and special interpretation services. 28 U.S.C. § 1920(1)-(6). Defendants do not (and cannot) argue that their Rule 62(b) bond premiums fall within any of these categories. Instead, they ask this Court to simply add bond premiums to the list. This is something the Court cannot do.

Defendants lastly argue that taxation is proper because the Rule 62(b) bond was compulsory and incurred as a necessary expense. Doc. # 570-2 at 102. This argument also fails. Necessity or compulsion is not an exception to *Crawford Fitting*. Indeed, all taxable costs carry with them the prerequisite that they be necessarily obtained for use in the case. *Northbrook Excess*, 924 F.2d at 642 ("In order to award costs to a prevailing party, the court must determine that the expenses are allowable cost items ***and*** that the amounts are reasonable and necessary.") (emphasis added). In any event, here the Rule 62(b) bond was necessitated only by Defendants' own desire to obtain a post-trial, pre-appeal stay of execution.[3]

## CONCLUSION

Given the strict application of Section 1920 required by *Crawford Fitting* and the utter lack of any authority in Section 1920 or in Local Rule 54.1(e), Defendants' Rule 62(b) bond premiums cannot be taxed as costs against Lead Plaintiff. Accordingly, Lead Plaintiff respectfully requests that the Court overrule Defendants' Bill of Costs to the extent they seek reimbursement for the Rule 62(b) bond premiums.

Dated:  September 2, 2008         BONNETT, FAIRBOURN, FRIEDMAN
                                     & BALINT, PC

                                       s/Francis J. Balint, Jr.
                                  William G. Fairbourn
                                  Francis J. Balint, Jr.
                                  Kathryn Jann
                                  2901 North Central Avenue, Suite 1000
                                  Phoenix, AZ  85012
                                  Telephone:  (602) 274-1100

                                  *Local Counsel for Lead Plaintiff*

---

[3] Defendants also cite to *Barelmann v. Fox*, 239 Neb. 771, 785 (1992), in an attempt to further support its faulty "necessity" argument. *Barelmann*, however, pertains to whether a plaintiff could recover the cost of a replevin bond, not a Rule 62(b) bond, based upon the state law of Nebraska. As such, *Barelmann* provides no guidance here.

Stephen R. Basser
Samuel M. Ward
BARRACK, RODOS & BACINE
402 West Broadway, Suite 850
San Diego, CA 92101
Telephone:  (619) 230-0800

Leonard Barrack
Jeffrey A. Barrack
BARRACK, RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA  19103
Telephone:  (215) 963-0600

*Lead Counsel for Lead Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September ____, 2008, the attached document was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to those registered with the Court:

RamziAbadou:  ramzia@csgrr.com
Joseph G Adams:  jgadams@swlaw.com, amurray@swlaw.com, docket@swlaw.com
Francis Joseph Balint ,Jr:  fbalint@bffb.com, dmoy@bffb.com, rcreech@bffb.com
William J Ban:  wban@barrack.com, sstone@barrack.com
Jeffrey A Barrack:  jbarrack@barrack.com, mbonatara@barrack.com
Stephen Richard Basser:  sbasser@barrack.com
Maureen Beyers:  mbeyers@omlaw.com, ecfdc@omlaw.com, lsmock@omlaw.com
Joseph P Busch , III:  jbusch@gibsondunn.com, groudabush@gibsondunn.com
Christopher B Campbell:  ccampbell@gibsondunn.com, jtravis@gibsondunn.com
James R Condo:  jcondo@swlaw.com, docket@swlaw.com, gcarlo@swlaw.com
Kristopher Price Diulio:  kdiulio@gibsondunn.com
William G Fairbourn:  gfairbourn@bffb.com, tmontford@bffb.com
John L Haeussler:  jhaeussler@barrack.com, mgades@barrack.com, srobertson@barrack.com
Joel Philip Hoxie:  jhoxie@swlaw.com, jkfisher@swlaw.com
Maura M Logan:  mlogan@gibsondunn.com
William J Maledon:  wmaledon@omlaw.com, ddunn@omlaw.com, ecfdc@omlaw.com
Dalena Marie Marcott:  dmarcott@gibsondunn.com
Robert D Mitchell:  robertmitchell@mitchelllaw.com, mitchell_atty@msn.com
Aileen Yen-Hua Mo:  amo@gibsondunn.com, dreger@gibsondunn.com
Daniel P Muino:  dmuino@gibsondunn.com
Mark R Rosen:  mrosen@barrack.com, sdavis@barrack.com
David B Rosenbaum:  drosenbaum@omlaw.com, ecfdc@omlaw.com, kdourlein@omlaw.com
Stephen G Schulman:  sschulman@milbergweiss.com
Rosemary Joy Shockman:  RShock@aol.com, debbieriffle@yahoo.com
Wayne Warren Smith:  wsmith@gibsondunn.com
Jessica A Taggart:  jboschee@gibsondunn.com, tstephens@gibsondunn.com
Jared M Toffer:  jtoffer@gibsondunn.com, gross@gibsondunn.com, groudabush@gibsondunn.com
Geoffrey Mark Trachtenberg:  gmt@lclegal.com, proctor85048@cox.net
Marc M Umeda:  mumeda@ruflaw.com
Samuel M Ward:  sward@barrack.com, mgades@barrack.com

and on September ___, 2008, by U.S. Mail, First Class to the following:

| | |
|---|---|
| Leonard Barrack | Patrick Joseph Coughlin |
| Barrack Rodos&Bacine | Coughlin Stoia Geller |
| 2 Commerce Square | Rudman & Robbins LLP |
| 2001 Market Street, Ste 3300 | 100 Pine Street, Ste 2600 |
| Philadelphia, PA  19103 | San Francisco, CA  94111 |

      I hereby certified that on September ___, 2008, I hand-delivered a copy of the attached document to:

> The Hon. James A. Teilborg
> United States District Court
> District of Arizona
> 401 West Washington
> Phoenix, AZ  85003

                                                                                       s/Francis J. Balint, Jr.