**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Apollo Group, Inc. Securities Litigation, <br><br>This Document Relates To: All Actions | Master File No. CV 04-2147-PHX-JAT (LEAD)<br><br>CV 04-2204-PHX-JAT (Consolidated)<br>CV 04-2334-PHX-JAT (Consolidated)<br><br>CLASS ACTION<br><br>**ORDER** |

Pending before the Court is Defendants' Motion for Review of Taxation of Costs (Doc. # 669), and a Motion to Intervene, Motion for Amicus Curiae Brief, Motion for Reconsideration by Jonathan Lee Riches, Jalaluddin Haqqani, and Gulbuddin Hekmatyar (Doc. # 677). For the following reasons, the Court denies Defendants' Motion, as well as the motion to intervene.

## BACKGROUND

On January 30, 2008, the Court entered a judgment for Lead Plaintiff. (Doc. #508.) On February 1, 2008, Defendants moved for an order under Federal Rule of Civil Procedure 62(b), staying Lead Plaintiff from executing on the judgment until after the court resolved their post-trial motions. (Doc. #513.) The Court granted the stay and ordered Defendants to post a Rule 62(b) bond in the amount of $95 million. (Doc. #522.) On February 19, 2008, Defendants filed the bond and notice. (Doc. # 528, 528-2.)

On August 4, 2008, the Court granted Defendants' post-trial Motion for Judgment as a Matter of Law (Doc. #524). In doing so, the Court ordered the Clerk to vacate the January

30, 2008 judgment and award of costs for Lead Plaintiff and enter judgment in favor of Defendants. (Doc. #561.) On August 4, 2008, judgment was entered for Defendants. (Doc. #562.) On August 11, 2008, the parties stipulated to release the bond (Doc. #565.) On August 12, 2008, the Court granted the release of the bond. (Doc. #566.) On August 18, 2008, Defendants filed a bill of costs seeking, among other things, the taxation of $118, 101 for costs related to the Rule 62(b) bond. (Doc. #570.) On August 28, 2008, Lead Plaintiff filed an objection to Defendants' bill of costs. (Doc. #659.) On September 17, 2008, the Clerk of the Court granted Defendants' request for $59, 368.09 for costs unrelated to the bond, and denied Defendants' request for $118, 101 for costs related to the bond. (Doc. #668.) On September 24, 2008, Defendants filed this Motion.

**LEGAL STANDARD**

A judge or clerk of the district court is authorized to tax costs:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (4) Docket fees under section 1923 of this title; (5) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920. Pursuant to Federal Rule of Civil Procedure 54(d), costs incurred by the prevailing party may be assessed against the losing party, and such costs may be taxed by the clerk. Costs should be allowed to the prevailing party unless the court, federal statute, or federal rules otherwise direct. Fed. R. Civ. P. 54(d).

Upon motion for review of the clerk's taxation of costs, the clerk's actions may be reviewed by the Court. The Court reviews de novo the clerk's taxation of costs. *See Lopez v. San Francisco Unified Sch. Dist.*, 385 F. Supp. 2d 981 (N.D. Cal. 2005). The taxation of costs lies within the trial court's sound discretion. However, Rule 54(d)(1) creates a presumption that favors the prevailing party's recovery of authorized costs. It is incumbent

upon the party opposing the recovery of costs to overcome the presumption. *See Stanley v. Univ. S. Cal.*, 178 F.3d 1069 (9th Cir. 1999).

In determining the scope of taxable costs, courts are limited to the items enumerated in § 1920 and items authorized by contract or statute. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987).

**ANALYSIS**

Defendant's right to receive costs under Rule 54(d) is not at issue; the issue in this case is whether a bond premium can be considered a taxable cost. This specific question lacks precedent in the Ninth Circuit Court of Appeals; however, the Supreme Court's decision in *Crawford* established the law regarding what items can be considered taxable costs. *Id.* at 444-45. Defendants make no claim of contractual obligation. Defendants present multiple arguments as to why bond premiums for a Rule 62(b) bond are not barred by § 1920: (1) the Court has ample discretion, even after *Crawford*, to allow taxation of the bond; (2) many other courts have taxed bonds; (3) the taxation of bonds in other circumstances implies that the Court can tax Rule 62(b) bonds; and (4) LRCiv 54(e)(10) provides statutory authority for the taxation of bonds. The Court addresses each of these arguments in turn.

*The Court Does Not Have Discretion to Tax Rule 62(b) Bonds*

Defendants argue that courts, including the Court of Appeals in *Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 176-78 (9th Cir. 1990), have exercised considerable discretion in taxing costs outside of those enumerated in § 1920. Defendants bolster this argument by citing a passage from a treatise that suggests that courts often include bonds as a taxable cost. (Doc. #669 at 4, lines 22-27.) The Court finds this line of reasoning unconvincing.

The Court of Appeals in *Alflex* specifically stated that they maintained considerable discretion in construing the meaning of *the items listed* in § 1920. *Alflex*, 914 F.2d at 177. The Court of Appeals in *Alflex* did not tax costs that were outside of the parameters of § 1920; rather, it found that costs that are encompassed in, implicitly authorized by, or flow

from, a reasonable reading of § 1920 were allowable. *Id.* at 177. Similarly, the treatise cited by Defendants states that bonds are often considered taxable costs by courts because those courts construe the bond to be a transcript or paper necessarily obtained for use in the case and therefore an enumerated item under subdivisions (2) and (4) of § 1920. 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2677 (3d ed. 1998). The Court is not persuaded. Subdivisions (2) and (4) of §1920 bear no relation to Rule 62(b) bonds. Moreover, the Court does not find that Rule 62(b) bonds are encompassed in, implicitly authorized by, or flow from, a reasonable reading of § 1920. The Court therefore rejects Defendants' argument that the Court has sufficient discretion to tax Rule 62(b) bonds.

*Other Courts' Decisions to Tax Rule 62(b) Bonds Are Not Persuasive*

Defendants argue that many districts in the Ninth Circuit have included bonds as a taxable cost thus illustrating that "[r]ecovery of bonds as a taxable cost is widely accepted as a fair and proper practice." (Doc. #669 at 4, lines 4-5.) Even if this were true, the fact that other districts in the Ninth Circuit have explicitly made bonds a taxable cost pursuant to their local rules amplifies the importance of such authority. *See, e.g.*, D.Alaska L.R. 54.1(e)(7) ("Taxable costs, as set forth by statute with the following clarifications, include: . . . The party entitled to recover costs will ordinarily be allowed premiums paid on undertakings, bonds or security stipulations where they are: [A] furnished by reason of express requirement of the law; [B] on order of the court or a judge thereof; or [C] where necessarily required to enable the party to secure some right accorded in the action or proceeding."); N.D. Cal. L.R. 54-3(h) ("Premiums on undertaking bonds and costs of providing security required by law, by order of a Judge, or otherwise necessarily incurred are allowable."); E.D. Cal. L.R. 54-292(f)(7) ("Items taxable as costs include the following: . . . Premiums on undertaking bonds or security required by law or by order of the Court or necessarily incurred by a party to secure a right accorded in the action"); C.D. Cal. L.R. 54-4.12 ("The following items are taxable as costs: . . . Premiums paid on undertakings, bonds, security stipulations, or

substitutes therefor, where required by law or Court order, or where necessary to enable a party to secure a right granted in the proceeding."); S.D. Cal. L.R. 54.1(b)(9) ("The party entitled to recover costs shall ordinarily be allowed premiums paid on undertakings, bonds or security stipulations, where the same have been furnished by reason of express requirement of the law, or on order of the court or a judge thereof, or where the same is necessarily required to enable the party to secure some right accorded him in the action or proceeding."); D. Mont. L.R. 54.1(b)(5) ("The party entitled to recover costs will ordinarily be allowed premiums paid on undertakings, bonds or security stipulations, where the same have been furnished by reason of express requirement of the law, or an order of the Court, where the same are reasonably required to enable the party to secure some right accorded that party in the action or proceedings. In taxing costs the clerk will presume that the premiums for all bonds which are on file and of record in the case are allowable as costs."). Because the District of Arizona has no such authority in its local rules, the existence of such authority in the local rules of other districts serves only to undermine Defendants' argument. The Court therefore rejects Defendants' argument that authority in the local rules of other districts allows the Court to bypass the need for such authority in this case.

*This Court's Taxation of Bonds In Different Circumstances Is Not Persuasive*

Defendants argue that precedent exists in the Ninth Circuit for the taxation of bonds. The cases that Defendants cite, however, all predate the Supreme Court's decision in *Crawford*. Moreover, Defendants' argument that a Rule 62(b) bond should be treated analogously to an appeal bond or supersedeas bond under Federal Rule of Appellate Procedure 39(e) fails because Rule 39(e) provides the authority to tax those bonds; no such authority exists in this jurisdiction for the taxation of Rule 62(b) bonds. The Court therefore rejects Defendants' argument that the taxation of bonds in different circumstances implies the authority to do so in this case.

*LRCiv 54.1(e)(10) Does Not Provide Statutory Authority to Tax Rule 62(b) Bonds*

Defendants argue that the bond in this case falls under LRCiv 54.1(e)(10) which

provides that "[o]ther items may be taxed with prior Court approval." Defendants interpret "with prior Court approval" to mean instances where the Court approved the expenditure. The Court disagrees. The Court believes that the language in LRCiv 54.1(e)(10) refers to instances where the Court approves the taxation of the item. Defendants' argument would require a contorted reading of the statutory language. The Court therefore rejects Defendants' argument that LRCiv 54.1(e)(10) provides statutory authority for the taxation of Rule 62(b) bond premiums.

*Motion to Intervene*

Jonathan Lee Riches, Jalaluddin Haqqani, and Gulbuddin Hekmatyar have filed a Motion to Intervene, Motion for Amicus Curiae Brief, Motion for Reconsideration (Doc. # 677.). However, because this case is currently pending before the Ninth Circuit Court of Appeals, this Court lacks jurisdiction to consider such motions. *Long v. Bureau of Econ. Analysis*, 646 F.2d 1310, 1318 (9th Cir. 1981), *vacated on other grounds by* 454 U.S. 934 (1981) ("In this circuit, the rule has generally been stated that the filing of a notice of appeal divests the district court of jurisdiction to dispose of the motion after an appeal has been taken, without a remand from this court.").

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Review of Taxation of Costs (Doc. #669) is denied.

**IT IS FURTHER ORDERED** that Jonathan Lee Riches, Jalaluddin Haqqani, and Gulbuddin Hekmatyar's Motion to Intervene, Motion for Amicus Curiae Brief, Motion for Reconsideration (Doc. # 677.) is denied.

DATED this 16th day of July, 2009.

James A. Teilborg
United States District Judge