Irwin B. Schwartz (Pro Hac Vice)
BLA Schwartz, PC
400 Blue Hill Drive, Suite 2
Westwood, Massachusetts 02090
Telephone: 781-636-5000
Facsimile: 781-636-5090

Counsel for Objectors National Automatic Sprinkler Industry Pension Fund and Sprinkler Industry Supplemental Pension Fund

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re APOLLO GROUP, INC. SECURITIES LITIGATION | Lead Case No. CV 04-2147-PHX-JAT |
| | CLASS ACTION |
| | **SUPPLEMENTAL OBJECTION TO PETITION FOR REIMBURSEMENT OF NON-TAXABLE COSTS** |
| This Document Relates to: All Actions | Date: April 16, 2012<br>Time: 10:00 a.m.<br>CTRM: 523<br>Judge: Hon. James A. Teilborg |

# ARGUMENT

On April 2, 2012, this Court issued an order noting that Class Counsel failed to comply with LRCiv 54.1 and LRCiv 54.2, failed to differentiate between taxable and non-taxable costs and permitted Class Counsel to supplement the Original Petition to address non-taxable costs. (Docket No. 758). As set forth below, Class Counsel's Supplement To Petition For Award Of Attorneys' Fees And Reimbursement Of Expenses ("Supplemental Petition") (Docket No. 761) fails to comply with the Court's April 2, 2012 order, and fails to cure the original defective showing on non-taxable costs.

Moreover, in an attempt to gross up their lodestar by millions of dollars in "associate" fees, Class Counsel improperly omitted from its non-taxable costs any payments to California third party document review vendor Discovery Phase, LLC ("Discovery Phase"). Accordingly, Class members National Automatic Sprinkler Industry Pension Fund and Sprinkler Industry Supplemental Pension Fund (together, "NASI") respectfully submit this supplemental objection.

A. The Supplemental Petition Ignores The Court's Order And Class Counsel's Request For Reimbursement of Expenses Remains Deficient

As Class Counsel admits (Docket No. 761 at 1 n.1), they already received a Judgment of Taxable Costs (Docket No. 715 (the "Cost Judgment")), yet included in the Supplemental Petition as non-taxable costs amounts for taxable costs in excess of the Cost Judgment. Compare Docket No. 761 at 2 with Docket No. 715 (both claiming costs for clerk/court fees, service fees, transcript fees, printing/reproduction/copy fees, and witness fees). Nothing in the Supplemental Petition distinguishes between taxable costs

awarded in the Cost Judgment and taxable costs sought from the settlement proceeds that were either denied or not submitted on a timely basis and thus properly excluded from Class Counsel's recovery.  (Docket No. 758).

Further, while the declarations in support of the Supplemental Petition attach voluminous receipts, nothing allows the Court to balance Class Counsel's right to recover reasonable expenses and costs with the Court's fiduciary obligation to protect the class. In re Media Vision Tech. Secs. Litig., 913 F. Supp. 1362, 1366 (N.D. Cal. 1996) (granting in part and denying in part application for fees and expenses).  It is impossible from the Supplemental Petition "to determine whether the claimed costs were relevant and reasonable in amount."  In re Heritage Bond Litig., No. 02-ML-1475 DT, 2005 WL 1594403, at *23 (C.D. Cal. June 10, 2005) (finding "overly simplified, general, and therefore inadequate, summaries of expenses by category including, but not limited to Expert and Consulting Fees, On-Line Legal Research, Travel Costs, and Photocopies").

For example, Class Counsel seek almost $900,000 in claimed expert, consulting and investigator fees, but nothing in the Supplemental Petition or the Original Petition gives the Court any basis to determine why the services were necessary nor whether they were at reasonable and appropriate rates.  Justifications such as "Class Counsel utilized private investigators during the drafting of the complaint and during discovery" (Docket No. 761 at 4:8) are worthless and should be rejected.[1]

---

[1]    The Supplemental Petition is sufficiently detailed, however, to reveal overcharging for internal copy costs.  The Affidavit of Sam Ward reflects his firm's charge of $.25 per page for internal copy costs.  (Docket No. 762 ¶ 8).  That amount is

B. <u>The Outsourced Document Review Should Be A Non-Taxable Cost</u>

Under Arizona Ethical Rule 1.5(a), a lawyer employing an outside service to perform quasi-legal work may only do so at reasonable costs and must obtain client approval within a reasonable time. (ER 1.5(b); State Bar of Arizona Ethics Opinion ("AZ Opinion") 01-11 (third party service filling out medical forms under attorney supervision)).[2] The Ethical Rules on fee splitting prevent Arizona lawyers from utilizing out-of-state lawyers to perform legal work without the express written permission of the client. (ER 5.5; AZ Opinion 10-04). While the State Bar of Arizona has yet to address the issue of how these rules apply to contract lawyers, American Bar Association Model Rules of Professional Conduct Rule 1.5, American Bar Association Standing Committee On Ethics and Professional Responsibility Formal Opinion ("ABA Opinion") 00-420 advises that clients must pre-approve any arrangement whereby contract attorneys perform tasks such as document review, whether such work is billed as a fee for service or an expense. (ABA Opinion 00-420 at 5 & n.15).

In NASI's original objection, we demonstrated that Class Counsel included in their lodestar representations at least one claimed "associate" who was in fact employed by Discovery Phase, a California outsourced document review vendor. (Docket No. 750 at 12-14). Class Counsel's Reply In Support Of Application For Award Of Attorneys' Fees And Reimbursement Of Expenses admits to claiming an unidentified number of

---

not fair and reasonable, especially since Class Counsel seeks only $.145 per page for outside vendor copy costs. (Docket No. 762-2 at 41).

[2] For the Court's convenience, copies of all referenced ethical opinions are attached in alphabetical order as Exhibit A.

Supplemental Objection 3 CV 04-2147-PHX-JAT

hours worked by non-employees as "associates" in the lodestar representations. (Docket No. 753 at 9-11). Class Counsel argued that its use of non-employees was a cost saving measure (Docket No. 753 at 9), yet refused to address its relationship with Discovery Phase or what amounts it paid Discovery Phase for that document review work.

Instead, Class Counsel purported to justify its demand for millions of dollars in attorneys' fees for the document review work of Discovery Phase's employees by labeling them as "contract attorneys" or "project associates." In support of this argument, it cited cases in which courts approved lodestar rates for "contract associates" who were actually employed by class counsel. (Docket No. 753 at 10). None of those cases discussed class counsel purporting to claim as their own "associates" employees of an outsourced document review service, such as Discovery Phase, nor addressed the implication of the Rules of Professional Conduct to the issue.

Enough of this Three-card Monte. At the highest level, since Class Counsel seeks compensation for Discovery Phase employees at the same or higher rates than their own associates, the "cost savings" is more accurately a secret increased profit for Class Counsel. Moreover, the Arizona Rules of Professional Conduct require full disclosure of the relationship between Class Counsel and Discovery Phase. To the extent Discovery Phase provided legal services through its purported attorneys,[3] Class Counsel is barred from sharing fees with it absent prior written approval of the client, which was not obtained. (AZ Opinion 10-04). Instead, outsourced document review work under Class

---

[3] We say "purported" because there is no way to determine whether any of the so called "project associates" were admitted to practice when employed in this case.

Counsel's supervision should be permitted only under AZ Opinion 01-11 as a non-taxable cost and no surcharge should be permitted since the retention of Discovery Phase was not disclosed or approved.  (ABA Opinion 00-420).  This is the fairest resolution and comports with the Court's fiduciary duty to protect the class from such abusive practices.

## CONCLUSION

Based on the foregoing NASI respectfully renews its request that this Court refer the determination of Class Counsel's non-taxable costs to a Fee Committee or Special Master, with instructions that Class Counsel may recover as non-taxable costs only the actual expenses paid to Discovery Phase for the "contract associates" or "project associates" that engaged in document review work on this matter.

Dated:   April 12, 2012                       Respectfully submitted,


/s/ Irwin B. Schwartz
Irwin B. Schwartz (Pro Hac Vice)

Counsel for Objectors National Automatic Sprinkler Industry Pension Fund, and Sprinkler Industry Supplemental Pension Fund

**CERTIFICATE OF SERVICE**

     I hereby certify that on April 12, 2012, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel.

                      /s/ Irwin B. Schwartz
                      Irwin B. Schwartz (Pro Hac Vice)