WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Apollo Group Inc. Securities Litigation, | Master File No. CV 04-2147-PHX-JAT |
| | CV 04-2204-PHX-JAT (Consolidated) |
| | CV 04-2334-PHX-JAT (Consolidated) |
| | CLASS ACTION |
| This Document Relates To: All Actions | **ORDER** |

Pending before the Court is Class members/Objector's Motion for Objectors' Attorneys' Fees and Expenses. (Doc. 773). The Court now rules on the Motion.[1]

**I.  Background**

On April 16, 2012, this Court held a hearing on Plaintiffs' Motion for Approval of Stipulation and Settlement Agreement. At that hearing, National Automatic Sprinkler Industry Pension Fund and Sprinkler Industry Supplemental Pension Fund (collectively, "NASI") raised several objections to the proposed attorneys' fees award for Class Counsel. Thereafter, the Court approved the Stipulation and Settlement Agreement. The Court also granted Class Counsel's motion for attorneys' fees and reduced the award by the amount of taxable costs sought by Class Counsel. (Doc 770).

---

[1] National Automatic Sprinkler Industry Pension Fund and Sprinkler Industry Supplemental Pension Fund did not file a Reply in support of their Motion for Attorneys' Fees.

1  NASI seeks an attorneys' fee award of $33,081.02 based on NASI's objections to the
2 attorneys' fee award granted to Class Counsel. NASI asserts that their objections benefitted
3 the class as a whole and entitle them to recover the attorneys' fees expended in making those
4 objections.

## II. Legal Standard

In a common fund case, objectors are entitled to an award of attorneys' fees when their objections have "substantially enhanced the benefit to the class under the settlement." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002).

## III. Discussion

### A. Objections to Fees and the Method of Calculation

The two primary objections raised by NASI were (1) that the Court must apply the lodestar method and not the percentage-of-the-fund method to the award of attorneys' fees to Class Counsel and (2) no fees should be awarded because Class Counsel did not provide enough information for the Court to properly determine an appropriate amount of fees under the lodestar method. (Doc. 770). Also, NASI requested a Special Master be appointed to resolve the attorneys' fees issue. Ultimately, although there was a reduction in the total amount of costs awarded to Class Counsel, it was not a result of either objection raised by NASI.

This Court found the application of a percentage-of-the-fund calculation to be reasonable because "an exceptional result was achieved and it was extremely risky for Class Counsel to pursue this case through seven years of litigation."(Doc. 777). The Court also undertook a lodestar cross-check to confirm the reasonableness of the award.

Despite NASI's objections, the Court awarded reasonable attorneys' fees to Class Counsel under a percentage-of-the-fund calculation.

### B. Objections to Expenses and Costs

NASI argues that, its objections caused the Court to reduce Class Counsel's cost recovery by 14%. NASI argues that, because the Court did not award Class Counsel its taxable costs, such reduction in the amount requested must have been a result of NASI's

objections. (Doc 777).

In reviewing Class Counsel's fee application, the Court was unable to determine the authority for Class Counsel's request for taxable costs. The Court determined that such request was properly submitted to the Clerk of the Court in compliance with LRCiv 54.1. Accordingly, the Court ordered Class Counsel to supplement their Petition for Attorneys' Fees solely to request non-taxable costs. (Doc. 758). Upon the failure of Class Counsel to comply with this order, the Court deducted possible taxable costs from the requested amount of costs. This reduction was not predicated on any objection raised by NASI. (Doc. 750).

NASI also argues that, in addition to the monetary increase of 14% conferred on the Class, NASI is entitled to attorneys' fees because its objections turned the settlement hearing into an adversarial proceeding. In response, Class Counsel argue that simply making an objection without conferring a substantial benefit on the Class does not meet the standard for awarding attorneys' fees to objectors. Class Counsel further contend that such a result would encourage objections for the sole purpose of objecting. The Court agrees.

**IV.  Conclusion**

Accordingly, because there was no substantial benefit to the Class based on the objections raised by NASI, NASI's motion for attorneys' fees is denied.

Based on the foregoing,

**IT IS ORDERED** that NASI's petition for Attorneys' Fees (Doc. 773) is denied.

DATED this 2nd day of October, 2012.

James A. Teilborg
United States District Judge